IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS RODRIGUEZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-0426 |
| : | |
| THE PENNSYLVANIA POST : | |
| CONVICTION RELIEF ACT, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**JONES, J.**                                                                                                                                **MAY 12, 2022**

*Pro se* Plaintiff Alexis Rodriguez, a prisoner at SCI Dallas, has filed a civil rights action under 42 U.S.C. § 1983, naming as the Defendants the Pennsylvania Post Conviction Relief Act and Pennsylvania Rule of Criminal Procedure 904. For the following reasons, the Court will dismiss Rodriguez's Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and he will be granted the opportunity to file an amended complaint to attempt to cure the defects discussed below.

**I.     FACTUAL ALLEGATIONS**

Rodriguez is currently in custody serving a life sentence. (Compl. at 4.)[1] He has filed a "Complaint for Declaratory and Injunctive Relief" naming as the Defendants the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9542, *et seq.*, and Pennsylvania Rule of Criminal Procedure 904 ("Rule 904"). He alleges that a tension between the PCRA and Rule 904 "impedes federal habeas corpus review of potentially legitimate claims of ineffective assistance at trial." (Compl. at 2, 4.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Rodriguez alleges that Rule 904 confers a right to effective assistance of post-conviction counsel beginning with the first post-conviction petition. (*Id*. at 4.) He further alleges that the PCRA, which requires that petitions be filed within one year of the date of the final judgment, does not contain a time-bar exception for claims involving ineffective assistance of post-conviction counsel. (*Id*. at 5 (citing to Pa. Cons. Stat. § 9545).) He alleges that the PCRA's waiver provisions similarly do not contain an exception for ineffective assistance of post-conviction counsel claims. Rodriguez states that this "inconsistency" renders Rule 904 "illusory" because it becomes "virtually impossible" to file claims based on ineffective assistance of post-conviction counsel within the PCRA's one-year statute of limitations. (*Id*. at 2, 5.) In other words, "given the inconsistency between [the PCRA] and Rule 904, no meaningful opportunity exists for a defendant to raise an ineffective assistance of post-conviction counsel claim." (*Id*. at 9.)

Based on these allegations, Rodriguez asserts Fourth Amendment due process and equal protection claims and a claim he labels "equitable tolling." (*Id*. at 9-11.) Rodriguez does not seek money damages. (*Id*. at 11.) He also does "not challenge his judgment of conviction and does not seek to invalidate his sentence." (*Id*. at 4.) Instead, Rodriguez requests that the Court issue a declaratory judgment that "Defendants [the PCRA and Rule 904], as applied to Plaintiff, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution." (*Id*. at 11.)

## II.   STANDARD OF REVIEW

Although Rodriguez has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint

pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id*. § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id*. § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Rodriguez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Rodriguez seeks to assert constitutional claims under 42 U.S.C. § 1983.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

Rodriguez fails to state plausible § 1983 claims because he has not named as a defendant a "person acting under color of state law."  *Id*.  Rodriguez names two Defendants — a Pennsylvania statute and a Pennsylvania procedural rule.  However, neither a statute nor a rule is a "person" for purposes of § 1983 and they are otherwise not proper defendants in a federal lawsuit.  *See Henry v. 61 Pa. Stat. §331.21 (1941)*, No. 17-4583, 2017 WL 6406488, at *1 n.1 (E.D. Pa. Dec. 15, 2017) (noting that the "plaintiff cannot name a statute as a defendant"); *Wilson v. Post Conviction Hearing Act of Com. of Pa.*, 321 F. Supp. 1234, 1235 (W.D. Pa. 1971) (noting that a Pennsylvania state statute is "not a 'person' within the meaning of 28 U.S.C. § 1983 . . . and is otherwise an improper defendant under the Federal Rules of Civil Procedure"); *Davis v. United States*, 569 F. Supp. 2d 91, 93 n.1 (D.D.C. 2008) ("It is unclear why the plaintiffs named the statutes as defendants, but statutes may not be sued."); *Fournerat v. Veterans Admin.*, No. 19-0961, 2020 WL 5413839, at *1 n.1 (C.D. Cal. Apr. 22, 2020) ("Plaintiff also names the Federal Rules of Evidence as a Defendant . . . which is stricken as

4

improper."); *Figg v. San Bernardino Cty. Bd. of Supervisors*, No. 10-1706, 2011 WL 5037071, at *1 n.1 (C.D. Cal. July 15, 2011), *report and recommendation adopted*, 2011 WL 5036916 (C.D. Cal. Oct. 18, 2011) (stating that claims against certain of the named defendants, including statutes, were "frivolous"); *Morris v. Section 794.05, Fla. Statutes*, No. 14-518, 2014 WL 4926081, at *2 (M.D. Fla. Sept. 30, 2014) (dismissing lawsuit against a Florida statute because no law supports naming a statute as a defendant); *James v. Illinois Sexually Dangerous Persons Act*, No. 09-40, 2009 WL 2567910, at *2 n.2 (S.D. Ill. Aug. 19, 2009), *aff'd sub nom. James v. Madigan*, 373 F. App'x 619 (7th Cir. 2010) (noting that a state statute is not a proper defendant because it is "not a person acting under color of state law within the meaning of 42 U.S.C. § 1983").

Because Rodriguez has not named a proper defendant in this civil rights lawsuit, his Complaint must be dismissed. However, Rodriguez will be permitted an opportunity to amend his complaint to name one or more proper § 1983 defendants. In doing so, Rodriguez should be mindful that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Rodriguez's Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Because the Court cannot say at this time that

Rodriguez cannot cure the defects noted by the court, Rodriguez will be granted the opportunity to file an amended complaint. An appropriate Order follows.

BY THE COURT:

/s/ Hon. C. Darnell Jones II

JONES, C. DARNELL II, J.